UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **EKATERINA SELEDTSOVA** | **CASE NO. 6:25-CV-00724 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **KRISTI NOEM, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed by pro se petitioner, Ekaterina Seledtsova, pursuant to 28 U.S.C. § 2241. Rec. Doc. 1. The Government filed a response on October 1, 2025. The matter is ripe for review. For the reasons which follow, **IT IS RECOMMENDED** that this habeas corpus action be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

### I.     FACTUAL BACKGROUND

On July 13, 2024, Ekaterina Seledtsova ("Petitioner"), a native and citizen of Russia, encountered United States Customs and Border Protection at the Calexico, California Port of Entry where she applied for admission into the United States. *See* Declaration of Department of Homeland Security Assistant Filed Office Director Charles G. Ward, doc. 8-1, p. 1, ¶ 4. Upon being deemed inadmissible to enter, Petitioner was placed in expedited removal proceedings pursuant to Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). *Id*. Petitioner was charged with failure to possess a valid immigrant visa, border crossing identification card, or reentry permit. *Id*. at ¶5. On January 28, 2025, ICE officials reviewed Petitioner's custody status and denied Petitioner parole based upon a finding that she was a flight risk. *Id*. at ¶6. On May 1, 2025, an immigration judge ordered Petitioner removed to Russia. Petitioner appealed the

immigration judge's ruling. On August 20, 2025, the Board of Immigration Appeals affirmed the immigration judge's removal decision. Petitioner remains in ICE custody pursuant to INA §240 pending removal. See Ex. A, ¶¶ 7-10.

Petitioner filed the instant petition challenging the duration of her detention under 28 U.S.C. § 2241. The Respondents maintain that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. Thus, her detention is lawful. For the following reasons, the petition should be denied, and this action should be dismissed.

## II. LAW AND ANALYSIS

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), and the extension and application of that decision by *Clark v. Martinez,* 543 U.S. 371, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005), to aliens who are inadmissible, the United States Supreme Court adopted a six-month period for which the institutional detention of an alien, found within the United States and ordered removed pursuant to various provisions of Section 237(a) of the Act [8 U.S.C. ' 1227(a)], is presumptively reasonable, and concluded that, "* * * once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699. In the words of the Court:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. (Citations omitted). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Zadvydas*, 533 U.S. at 699-700.

The Supreme Court clearly indicated that the lapse of the presumptive period does not mandate release and concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The United States Court of Appeals for the Fifth Circuit has recognized that "[t]he [Supreme] Court's decision creates no specific limits on detention, however, 'as an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future'." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), *see also, Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Thus, in order to state a claim for relief under the *Zadvydas* decision, an alien must: 1) establish post removal order detention in excess of six months at the time of the filing of his or her petition; and 2) establish good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.*; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thereafter, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-1293, 2003 WL 21805198, *4 (N.D. ex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale*, 287 F.3d at 1051.

3

The Government argues that the instant case is distinguishable from *Zadvydas* and *Clark*. In *Zadvydas*, all of the countries to which the alien had ties had refused his admission on the grounds that he was not a citizen. *Zadvydas*, 533 U.S. at 691. In *Clark*, the Court found that the Government brought forward no evidence to indicate that a substantial likelihood of removal exists. *Clark*, 543 U.S. at 386. Moreover, the Government conceded in *Clark* that it was no longer involved in repatriation negotiations with Cuba. *Id*.

In the matter before this Court, the Board of Immigration Appeals sustained the immigration judge's order to remove Petitioner to Russia. Therefore, the order is final, and she is being detained pending removal. *See* doc. 8-1 at ¶9-10.

The Court agrees with the Government's position that the Petitioner cannot establish that ICE is incapable of executing her removal, or that her detention will be indefinite. Petitioner's current immigration detention is consistent with due process, as well as with applicable statutes and regulations, as interpreted by the United States Supreme Court in *Zadvydas v. Davis*. "This 6-month presumption, of course does not mean that every alien not removed must be released after six months." *Zadvydas*, 533 U.S. at 701. The Court finds that the Petitioner has failed to present this Court with sufficient evidence that there exists "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." As the Government represents that Petitioner's removal is imminent and she has provided no evidence to the contrary, the undersigned finds that her detention is lawful. Accordingly,

**IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, January 7, 2026.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**